■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL MENDOZA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 29, 1975, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, sentence vacated, and case remanded to Criminal Term for resentencing, at which time Criminal Term shall determine whether appellant is a youthful offender. The record fails to disclose whether Criminal Term made a determination as to whether appellant is a youthful offender. CPL 720.20 (subd 1) mandates that such a determination be made at the time of pronouncing sentence. This requirement may neither be ignored nor bargained away *(People v Barrow,* 51 AD2d 912; see, also, *People v Taylor,* 86 Misc 2d 445). Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GREGORY A. PAZKOWSKI, Respondent.—Appeal by the People pursuant to CPL 450.20 (subd 4) from an amended sentence of the Supreme Court, Queens County, imposed September 23, 1976 (see CPL 460.10, subd 6), upon defendant's conviction of arson in the second degree, a class B felony, upon a jury verdict. Sentence reversed, on the law, and case remanded to Criminal Term for resentence in accordance herewith. In view of the fact that defendant was convicted of arson in the second degree, a class B felony (Penal Law, § 150.15), the intermittent sentence imposed was invalid as a matter of law. Such a sentence may only be imposed upon a conviction of a class D or E felony, or for an offense not a felony, provided the defendant is not a second or persistent felony offender (Penal Law, § 85.00). Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.