■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DORSEY, Appellant. — Judgment, Supreme Court, Bronx County (Schackman, J.), rendered July 29, 1980, convicting defendant, after jury trial, of rape, first degree, and sodomy, first degree, and sentencing him to two concurrent indeterminate terms of two to six years, modified, on the law, to the extent of vacating the sentence and remanding the matter for determination as to whether appellant is entitled to youthful offender treatment, and otherwise affirmed. The sentencing minutes reveal that the defense counsel and possibly the Trial Judge were not aware that the appellant was eligible for youthful offender treatment. (CPL 720.10, subd 1, as amd by L 1979, ch 411, § 14.)[**] A specific ruling by the trial court in that regard is, therefore, required. We make no recommendation to the trial court one way or the other as to whether such consideration should be granted. Appellant's other points are found to be

---

[*] Obviously, he was without authority to do so, but, in the context, this was of no moment.

[**] The amendment, effective August 4, 1979, added to the list of those eligible for adjudication as youthful offender "a person charged with being a juvenile offender as defined in subdivision forty-two of section 1.20 of this chapter." Accordingly, defendant was eligible for consideration for such treatment.

without merit. Particularly, we find eminently correct the court's ruling on appellant's posttrial motion based upon alleged error in the court's rulings on the subject of resistance (104 Misc 2d 963). Concur — Sandler, J. P., Sullivan, Markewich, Fein and Milonas, JJ.