■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY CICCONE, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Slavin, J.), dated December 21, 1981, which, in effect, denied their motion to vacate a resentence of the same court, imposed December 4, 1981, upon a youthful offender adjudication, the resentence being an indeterminate term of one and one-third to four years' imprisonment, upon the ground that it was invalid as a matter of law. Order reversed, on the law, motion granted, resentence vacated and matter remitted to the Supreme Court, Kings County, for further proceedings consistent herewith. Defendant was indicted, *inter alia,* for murder in the second degree for the January 20, 1981 homicide of 13-year-old Toni Fevola. On July 14, 1981 defendant pleaded guilty to attempted murder in the second degree in full satisfaction of the indictment. The court, recognizing that "the People have the right to request that we have an agreement as to sentence", indicated that the sentence to be imposed pursuant to the agreement of the parties would be an indeterminate term of imprisonment of a minimum of three years and a maximum of nine years, and that it would consider the granting of youthful offender (YO) status. On October 6, 1981, after listening to arguments on the subject, the court determined that YO status would be granted and that the three- to nine-year prison sentence would be imposed. On October 16, 1981 the court revoked the sentence previously imposed on October 6, upon learning that the longest authorized prison term for a YO was a maximum of four years (see Penal Law, § 60.02, subd [2]; § 70.06, subd 3, par [e]). When the prosecution was asked whether it would consent to such a sentence, the response was that if defendant did not agree to forego YO treatment and accept the three- to nine-year sentence the

case should be restored to the Trial Calendar. Defense counsel argued that the granting of YO status to defendant was legal, that only the three- to nine-year sentence was illegal, and that the court could not vacate its grant of YO status. The court stated: "The sentence is illegal. The minute any portion of a sentence is illegal, I vacate the entire sentence. It is not severable." It then adjourned the matter for further study. On December 4, 1981 Justice Slavin vacated only the sentence of three to nine years' imprisonment, stating "I am not vacating the youthful offender treatment portion of it." In response, the prosecution stated: "Our position is the fact that the People's agreement to take the plea for the lesser count was predicated on the three-to-nine. If the Court is not of a mind to impose a three-to-nine sentence, then it is our position that the defendant should be given the option either of accepting the sentence of three-to-nine without youthful offender treatment, or he should be offered the opportunity to withdraw his plea. That is our position." Justice Slavin then imposed a sentence of one and one-third to four years and concluded: "The district attorney, without having to take it, has an exception to my sentence, and they say that I have not kept 'the plea bargain' so that if they see fit, they may take an appeal." By order dated December 21, 1981, the court denied a motion by the prosecution to, in effect, vacate the resentence imposed on December 4, 1981, upon the ground that it was invalid as a matter of law (CPL 440.40). The People have appealed from that order (CPL 450.20, subd 7). In *People v Farrar* (52 NY2d 302), the Court of Appeals held that the consent of the prosecution is required before the court may impose a sentence less than that originally agreed upon during the plea bargaining process. As stated by the court (*supra,* pp 307-308): "Where the record shows that the prosecutor's consent to a plea is premised on a negotiated sentence and a lesser sentence is later deemed more appropriate, the People should be given the opportunity to withdraw their consent. However justified the court's unwillingness to impose the negotiated sentence, fairness dictates that this avenue be left open." It is an accepted principle of law that the sentencing court must remain free to impose what it deems to be an appropriate sentence regardless of the agreement of the parties. The plea bargain agreed upon here was that defendant would plead guilty to attempted murder in the second degree, that a sentence of three to nine years would be imposed, and that YO treatment would be considered. On October 6, 1981 the court attempted to impose the agreed-upon term of imprisonment, while still granting YO status. When the court subsequently learned that this could not be done, the prosecution clearly enunciated its consistent position that unless defendant agreed to forego YO treatment and accept a three- to nine-year sentence the plea was unacceptable and the matter should proceed to trial. Although the court stated that if any portion of a sentence that it had imposed was illegal, it would vacate the entire sentence, it adjourned the matter when defendant argued that the YO treatment, having been granted, could not be revoked. When the matter resumed on December 4, 1981 the court inexplicably stated that it was vacating the previously imposed prison term but not the YO treatment. This created a situation where the three- to nine-year sentence could not be imposed. Although inarticulately and ambiguously phrased, the prosecution once again expressed its refusal to consent to such a plea bargain by stating, in effect, that the court should either vacate defendant's plea or impose a three- to nine-year sentence without YO treatment. Rather than resolving the conflict or putting the case back on the Trial Calendar, the court, with full knowledge that the prosecution did not consent to the plea bargain under the terms of the sentence it chose to impose, simply advised the prosecution to appeal. Pursuant to *People v Farrar* (52 NY2d 302, *supra*), the resentence imposed was illegal because it violated a

condition upon which the People gave their consent to the plea bargain, namely, that defendant be sentenced to an indeterminate term of three to nine years' imprisonment. At the time of entry of the plea, the court, the prosecutor and the defendant, were all operating under the erroneous assumption that a three- to nine-year sentence could lawfully be imposed upon a youthful offender convicted of a felony. The plea bargain was premised on this faulty understanding of the law. Accordingly, the order appealed from should be reversed, the People's motion to vacate the resentence should be granted and the matter should be remitted to Criminal Term, at which time it shall once again exercise its discretion in the imposition of sentence. To the extent that the sentence which the court determines to impose will, of necessity, be inconsistent with the prior arrangement of a sentence of three to nine years and consideration of YO status, it shall offer the party adversely affected thereby an opportunity to withdraw from the bargain. If consent is withdrawn by the party adversely affected by the new proposed sentence, the plea must be vacated and the matter returned to the calendar for trial. If consent to a legal sentence is given, the new sentence determined by the court shall be imposed. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.