■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMON ROBINSON, Appellant. — Weiss, J.

Defendant, 14 years of age, waived indictment and pleaded guilty to a superior court information charging him with robbery in the first degree, stemming from his participation along with five older boys in an armed robbery of a taxicab driver on February 24, 1983. He was sentenced to a term of 1⅔ to 5 years' imprisonment in the custody of the Division for Youth, and was released on parole October 24, 1984. On this appeal, defendant urges that the trial court failed to consider his eligibility for youthful offender treatment (*see,* CPL 720.10 [2], as amended by L 1979, ch 411, § 14). We agree.

In this regard, we note that having been convicted of an armed violent felony offense (CPL 1.20 [41]; Penal Law § 70.02 [1] [a]), defendant is statutorily ineligible for youthful offender treatment (CPL 720.10 [2] [a] [ii]) unless the sentencing court first concludes either that mitigating circumstances exist which directly related to the commission of the crime or that defendant was only a minor participant (CPL 720.10 [3]). If this determination of eligibility is reached, a specific ruling by the trial court as to whether youthful offender treatment is warranted must then be made at the time of pronouncing sentence (CPL 720.20 [1]; *People v Dorsey,* 89 AD2d 521; *People v Mendoza,* 57 AD2d 846). A review of the sentencing minutes in this case reveals that no consideration was given to youthful offender treatment for defendant. Although we recognize that defense counsel failed to specifically request a youthful offender ruling, she did repeatedly note defendant's age and background, as well as the presentence report in which youthful offender treatment was recommended. Moreover, it is incumbent upon the trial court to render a determination on this issue (CPL 720.20 [1]). Accordingly, the sentence imposed must be vacated in the interest of justice (*cf. People v Connerton,* 67 AD2d 1028, 1029) and the matter remitted to County Court for resentencing, at which time the court shall determine the possibility of according defendant youthful offender status.

Judgment modified, as a matter of discretion in the interest of justice, by vacating the sentence; matter remitted to the County

Court of Albany County for resentencing in accordance herewith; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.