■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY QUESNEL, Appellant.—Main, J. Appeal from a judgment of the County Court of Essex County (Garvey, J.), rendered September 17, 1984, which revoked defendant's probation and imposed a sentence of imprisonment.

In October 1983, defendant pleaded guilty to the crime of burglary in the third degree and was, thereafter, sentenced to five years' probation, the first six months of which was to be served in the Essex County Jail. Less than one year later, a declaration of delinquency was filed against defendant, who admitted that he was guilty of violating his probation. On September 17, 1984, County Court revoked defendant's probation and sentenced him to 2 to 6 years' imprisonment.

Defendant's only argument on this appeal is that County Court failed to consider him for youthful offender treatment (see, CPL 720.20). A review of the record shows that defendant never asserted at his original sentencing or his resentencing upon his probation violation that he was entitled to an adjudication of his youthful offender status. Absolutely nothing with regard to such status was mentioned at the original sentencing, and at resentencing, his counsel merely noted that defendant had been treated as an adult rather than a youthful offender at the original sentencing. Clearly, where a defendant makes no assertion at the time of sentencing that he is entitled to an adjudication of his youthful offender status, his right thereto has been waived (People v McGowen, 42 NY2d 905, 906; cf. People v Robinson, 110 AD2d 939). Such is the case here, and we perceive no reason why, in the interest of justice (CPL 470.15 [6] [a]), we should disregard the waiver and consider this matter further, especially since a reading of County Court's harsh language to defendant at resentencing indicates that any request for youthful offender treatment at that point would, most likely, have been properly denied in the court's discretion (see, People v Massa, 93 AD2d 926, 927).

Judgment affirmed. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.