THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AARON
FERGUSON, Respondent.

First Department, October 23, 1986

## APPEARANCES OF COUNSEL

*Lee S. Gayer* of counsel *(Peter D. Coddington* with him on the brief; *Mario Merola, District Attorney,* attorney), for appellant.

*John N. Gevertz* of counsel *(Philip L. Weinstein,* attorney), for respondent.

## OPINION OF THE COURT

Ross, J.

The question presented to us, in these two appeals by the District Attorney of Bronx County, is whether Criminal Trial Term exceeded its jurisdiction, when it granted defendant's motion to vacate his previous conviction for a felony, and adjudicated him a youthful offender, nunc pro tunc.

On August 31, 1982, pursuant to the provisions of CPL article 195, the defendant waived indictment, and the District Attorney of Bronx County charged in a superior court information that defendant, while acting in concert with another person, allegedly committed the crimes of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), and criminal possession of a controlled substance in the third degree (Penal Law § 220.16). Also, on this same date, defendant, after consulting with his counsel, entered a plea of guilty to the crime of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), a class D felony, and this plea was made in satisfaction of the charges contained in the superior court information. In so pleading, the defendant specifically acknowledged to the court that he understood that he was pleading guilty to a felony. In pertinent part, in his plea, the defendant admitted that on August 5, 1982, between 4:00 P.M. and 5:00 P.M., in the vicinity of West Tremont and Davidson Avenues in Bronx County, he, together with another person, sold a glassine envelope of heroin to an undercover police officer. Before this plea was accepted, defendant stated to the court that he was aware of the fact that no promises had been made to him as to the type of sentence to be

imposed. Thereafter, the court accepted the defendant's plea, and informed him that a future date would be set for sentencing, since the court could only impose sentence after it had received a probation report, relative to the defendant.

Subsequently, on October 14, 1982, the defendant appeared for sentencing, and his counsel stated, in pertinent part: "[M]y client's 18 years old. Although he has three prior arrests, they have all resulted in sentences other than jail time * * * I would * * * ask that the defendant be sentenced to a period of probation". It is undisputed that each one of these prior arrests involved drug charges. In response, the court noted: "Well, that's very easy for me to do * * * Probation Department recommends 60 days plus probation period, and I think that would probably make more sense, because he's never served any term of incarceration at all". Furthermore, the court emphasized to the defendant and his counsel, the fact that if defendant violated the terms of a sentence of probation, he would be subject to being resentenced to a prison term. Following that discussion, the court sentenced defendant, on this felony conviction, to a term of probation of five years. Immediately after the imposition of that sentence, the court clerk advised the defendant of his right to appeal. In pertinent part, the sentencing minutes indicate this colloquy between the court clerk, defendant and defendant's counsel:

"COURT CLERK: * * * [Y]ou have the right to appeal the sentence and conviction. In order to exercise this right, you must file a Notice of Appeal within 30 days. If you are without funds, the Appellate Division will furnish you with counsel and a transcript of the proceedings free of charge. Do you understand?

"DEFENDANT: Yes.

"COURT CLERK: Counsel, will you stay with the case for 30 days?

"MR. SOCCACHIO [defense counsel]: Yes.

"COURT CLERK: Let the record reflect that the defendant has been handed a copy of his Notice of right to appeal."

It is undisputed that the defendant did not appeal his 1982 felony conviction.

Several years later, on November 9, 1984, a Bronx County Grand Jury filed a four-count indictment against defendant. This indictment charged that defendant, while acting in concert with another person, allegedly committed the crimes of criminal sale of a controlled substance in the third degree,

and criminal possession of a controlled substance in the third degree (three counts). Subsequently, on May 9, 1985, defendant, after consulting with counsel, entered a plea of guilty to the crime of criminal sale of a controlled substance in the fifth degree, which, as mentioned *supra,* is a class D felony, and this plea was made in satisfaction of the charges contained in this indictment. In pertinent part, in his plea, the defendant admitted that, on October 9, 1984, at approximately 2:25 P.M., in the vicinity of 1930 Anthony Avenue in Bronx County, he, together with another person, sold a quantity of cocaine to an undercover police officer. Prior to entering this guilty plea to a felony, defendant received a promise that the court would sentence him to a prison term of 1⅔ to 5 years, or from 2½ to 5 years, depending upon whether defendant was determined to be a second felony offender.

While defendant was awaiting sentence on this second felony conviction, his counsel moved, by order to show cause, before the Justice in the 1982 case, to have his first felony conviction, which had been entered more than 2½ years previously in 1982, vacated, and that he be adjudicated a youthful offender, nunc pro tunc. In pertinent part, defendant's counsel's affirmation in support of this order to show cause states: "On October 14, 1982 the defendant was sentenced on * * * [a superior court information] to the statutory period of probation for a felony. An examination of the minutes of the imposition of sentence reveals that no application was made for Youthful Offender adjudication by the defense attorney and there is no statement by the Court either granting or denying such treatment".

Over the People's objection, on June 13, 1985, the 1982 court granted the defendant's motion to vacate his 1982 felony conviction, which conviction was more than two years old, based upon its date of entry, and this action resulted in the plea to the 1984 crime being treated as a first felony conviction. Therefore, on this same date of June 13, 1985, a different court, which had taken defendant's plea to the subsequent 1984 felony conviction, was compelled to sentence defendant as a first felony offender.

We disagree, and find that the original sentencing court acted beyond its jurisdiction in granting the motion to vacate the defendant's first felony conviction.

Our review of the 1982 plea and sentencing minutes in the superior court information case clearly indicates to us that,

even though defense counsel knew defendant was 18 years old and, was therefore eligible for youthful offender treatment, the defendant's prior record of at least three arrests for drug-related crimes resulted in defense counsel adopting the strategy of negotiating a plea that would save defendant from incarceration, instead of requesting that the court consider defendant for treatment as a youthful offender. Furthermore, based upon our examination of this same record, we also find that the 1982 court knew that defendant was an eligible youth, but did not deem youthful offender treatment appropriate for him. In other words, although this 1982 record does not reflect a specific discussion between the trial court and defense counsel about youthful offender treatment for the defendant, we do not find any evidence that would indicate that the absence of such a discussion was due to the fact "that the defense counsel and possibly the Trial Judge were not aware that the [defendant] was eligible for youthful offender treatment. (CPL 720.10, subd 1, as amd by L 1979, ch 411, § 14.)" *(People v Dorsey,* 89 AD2d 521 [1st Dept 1982].) In the *Dorsey* case we held that it was error for a trial court to sentence an eligible youth before making a specific ruling as to whether that defendant was entitled to youthful offender treatment, and, concededly, the court did not make such a ruling on the record in 1982. However, we find that *Dorsey* is distinguishable from the instant case. The *Dorsey* case was a direct appeal by the allegedly eligible youth, while, as mentioned *supra,* the defendant herein did not appeal his 1982 conviction, even though he was specifically advised of his right to do so. In view of the fact that defendant did not appeal the judgment of conviction, we hold that he has waived his right to challenge it by postjudgment motion.

The defendant in his brief argues that the 1982 court had the power under CPL 440.20 to vacate the judgment of conviction, and to adjudicate defendant a youthful offender, pursuant to CPL 720.20. We disagree.

CPL 440.20 deals with a trial court's power to vacate sentences it has imposed. It is beyond dispute that courts have the inherent power to correct a clerical mistake, but "[o]f course a court cannot, in the guise of correcting an error, change or amend a sentence which is not defective" *(People v Minaya,* 54 NY2d 360, 364 [1981], *cert denied* 455 US 1024 [1982]). In pertinent part, CPL 440.20 (1) states that a trial court can "[a]t any time after the entry of a judgment * * * upon motion of the defendant, set aside the sentence upon the

ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law". In view of the fact that a youthful offender adjudication is not a sentence, but rather, involves a vacatur of conviction (CPL 720.20 [3]), we find that CPL 440.20 did not provide the 1982 court with the authority to issue the instant order, since the 1982 sentence was neither "unauthorized, illegally imposed or otherwise invalid as a matter of law".

CPL 440.10 provides a trial court with the power, under certain conditions (see, CPL 440.10 [1] [a]-[h]), to vacate its own judgments of conviction.

Recently, the Court of Appeals unanimously held in *People v Cooks* (67 NY2d 100 [1986]) that a CPL 440.10 motion must be denied, if the trial court record is sufficient to have permitted review on direct appeal of the issue presented by the CPL 440.10 motion. In reaching that decision the Court of Appeals relied upon, *inter alia,* CPL 440.10 (2) (c) which reads, in pertinent part:

"2. Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when * * *

"(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such a judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period".

Moreover, the Court of Appeals stated, in *People v Cooks* (*supra,* at p 103) "The purpose of [this provision] is to prevent CPL 440.10 from being employed as a substitute for direct appeal when defendant was in a position to * * * [have raised the issue] on appeal but failed to do so (CPL 440.10 [2] [c] * * *)". Finally, the Court of Appeals noted in *People v Cooks* (*supra,* at p 104) "Only in the unusual situation that sufficient facts with respect to the issue do not appear on the record is a CPL 440.10 motion to vacate available as a means of review".

Our examination of the defendant's papers in support of his motion for vacatur of his first felony conviction indicate that it is the defendant's contention that the 1982 court failed to consider him for youthful offender treatment *based upon facts contained in the record,* which is an issue that obviously could have been reviewed on direct appeal. However, as mentioned *supra,* defendant did not appeal. Since the issue of youthful

offender treatment could have been reviewed on direct appeal, based upon the legal authority discussed *supra,* we hold that a CPL 440.10 motion to vacate this defendant's conviction on that ground must be denied.

Accordingly, the order of the Supreme Court, Bronx County (Lawrence J. Tonetti, J.), entered June 13, 1985, which granted defendant's motion to vacate his previous conviction of the crime of a criminal sale of a controlled substance in the fifth degree, entered October 14, 1982, and adjudicated defendant a youthful offender, nunc pro tunc, should be unanimously reversed, on the law and on the facts, the motion denied, and the conviction reinstated.

Furthermore, the judgment of the Supreme Court, Bronx County (Nicholas Figueroa, J.), entered June 13, 1985, convicting defendant of the crime of a criminal sale of a controlled substance in the fifth degree, and sentencing him to an indeterminate term of imprisonment of 1⅔ to 5 years, should be unanimously modified, on the law and on the facts, to the extent of vacating the sentence, and remanding the defendant to Criminal Term for resentencing as a second felony offender, and, except as thus modified, otherwise the judgment should be affirmed.

MURPHY, P. J., SULLIVAN, KASSAL and WALLACH, JJ., concur.

Order, Supreme Court, Bronx County, entered on June 13, 1985, unanimously reversed, on the law and on the facts, the motion denied, and the conviction reinstated, and the judgment of said court, rendered on June 13, 1985, unanimously modified, on the law and on the facts, to the extent of vacating the sentence, and remanding the defendant to Criminal Term for resentencing as a second felony offender, and, except as thus modified, the judgment is affirmed.