■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR GANNON, JR., Appellant.—Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Leary, J.), rendered August 1, 1988, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree.

Defendant, indicted for rape in the first degree (two counts), sexual abuse in the first degree (two counts) and unlawful imprisonment in the second degree, and charged by prosecutor's information with an additional count of sexual abuse in the second degree, entered a counseled plea of guilty to a single count of sexual abuse in the first degree, a class D felony, in full satisfaction of all counts of the indictment and information. The plea was offered and accepted with the specific understanding, stated on the record, that defendant was to be sentenced to a prison term of 2 to 6 years. Sen-

tenced in accordance with the plea bargain, defendant now appeals, contending that County Court erred in failing to consider his eligibility for youthful offender treatment, as required by CPL 720.20, and that he was deprived of effective legal representation.

We find persuasive defendant's contention that County Court failed to consider his eligibility to be adjudicated a youthful offender. At the time of sentencing, County Court asked whether defendant was "in any way" entitled to youthful offender treatment. Defendant's attorney answered that defendant was 19 years old and would be 20 the following month. This statement, while correct, was not responsive to County Court's inquiry and had the likely effect of misleading County Court into believing that defendant was not an "eligible youth" (see, CPL 720.10 [2]). County Court made no determination as to whether defendant was a youthful offender (see, CPL 720.20 [1]) and proceeded to sentence him, as noted, to a prison term of 2 to 6 years. It is undisputed that defendant was, in fact, eligible for youthful offender treatment since he was 18 at the time of the alleged offenses (see, CPL 720.10 [1]). The plea bargain notwithstanding, it is well established that the sentencing court was obliged to consider youthful offender status (see, People v Ciccone, 91 AD2d 688).

In our view, since the record of the sentencing proceeding raises a serious question as to whether defendant's attorney and County Court were aware that defendant was eligible for youthful offender treatment, the sentence must be vacated and the matter remitted to County Court for consideration of whether defendant should be granted youthful offender treatment (see, CPL 720.20 [1]; compare, People v Dorsey, 89 AD2d 521, with People v Ferguson, 119 AD2d 338, 342, lv denied 69 NY2d 711). We note that, since the bargained-for sentence exceeds 1⅓ to 4 years, the maximum permissible prison sentence for a youthful offender (see, Penal Law § 60.02 [2]; § 70.00 [2] [e]; [3] [b]), should County Court determine to substitute a youthful offender finding for defendant's judgment of conviction, it must offer the People an opportunity to withdraw their consent to the plea bargain (see, People v Farrar, 52 NY2d 302, 307; People v Ciccone, supra, at 689-690). If consent is withdrawn, the plea must be vacated and the matter returned to the calendar for trial (see, People v Ciccone, supra, at 690).

Nothing stated herein should be construed as a determination that defendant should have been granted youthful of-

fender treatment or that the negotiated sentence was excessive.

Judgment modified, on the law, by vacating the sentence; matter remitted to the County Court of Schenectady County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Mercure, JJ., concur.