■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARANGELY TORRES, Appellant. [661 NYS2d 153] —Judgment unanimously modified on the law and as a matter of discretion in the interest of justice and as modified affirmed and matter remitted to Oneida County Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of manslaughter in the first degree. Defendant was sentenced as an adult in accordance with the plea bargain to an indeterminate term of imprisonment of 5 to 15 years.

Defendant argues that County Court erred in failing to determine whether she should be afforded youthful offender

treatment. By failing to seek an adjudication of her entitlement to youthful offender treatment, defendant failed to preserve her present argument for our review (*see, People v McGowen,* 42 NY2d 905, *rearg denied* 42 NY2d 1015; *People v Davey,* 156 AD2d 989, 990, *lv denied* 75 NY2d 918).

The record, however, establishes that the court may have been mistaken concerning defendant's eligibility for youthful offender treatment (*see, People v Gannon,* 162 AD2d 818; *People v Robinson,* 110 AD2d 939; *People v Mendoza,* 57 AD2d 846). Defendant was only 16 years old at the time she committed the offense (*see,* CPL 720.10 [1]), the offense of which she was convicted is not an armed felony offense (*see, People v Rivera,* 111 AD2d 71, 72, *lv denied* 65 NY2d 986), and none of the remaining exceptions to eligibility applies (*see,* CPL 720.10 [2] [b], [c]). Defendant therefore is an eligible youth. The presentence report, however, contains an "x" in the box labeled "n/a" rather than in the box labeled "eligible" next to the term "youthful offender". It also contains an "x" in the box marked "yes" next to the term "designated felon". No discussion concerning defendant's eligibility for youthful offender treatment took place on the record nor did the court fulfill its statutory obligation of determining on the record whether defendant, an eligible youth, should be afforded youthful offender treatment (*see,* CPL 720.20 [1] [a]). Because the record raises a serious question whether defense counsel and the court were aware that defendant was eligible for youthful offender treatment, we exercise our power to vacate the sentence as a matter of discretion in the interest of justice and remit the matter to Oneida County Court for a determination whether defendant should be granted youthful offender treatment (*see, People v Gannon, supra*).

The sentence must likewise be vacated because the court failed in its obligation to afford defendant an opportunity to make a statement prior to imposing sentence, as required by CPL 380.50 (1). Although substantial compliance with the statutory mandate is acceptable (*see, People v McClain,* 35 NY2d 483, 491-492), the court's question, at the beginning of the sentencing proceeding, whether "anyone" wanted to be heard, is not sufficient to be deemed substantial compliance (*see, People v Jackson,* 58 AD2d 741). (Appeal from Judgment of Oneida County Court, Ringrose, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Callahan, Doerr, Balio and Boehm, JJ.