■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER MILES, Appellant. [664 NYS2d 79] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Jones, J.), rendered September 22, 1994, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed, and the matter is remitted to Supreme Court, Kings County, for further proceedings in accordance herewith.

On May 24, 1994, the defendant pleaded guilty to attempted murder in the second degree. Although no sentence was promised, the defendant pleaded guilty with the understanding that he could be sentenced as a youthful offender, depending upon the court's review of various psychiatric evaluations and reports. When he was sentenced about four months later, the sentencing court failed to make a determination on the record as to the defendant's status as a youthful offender, and sentenced him to two and one-half to seven and one-half years imprisonment.

Pursuant to CPL 720.20 (1), the sentencing court has a "statutory obligation of determining on the record whether [an eligible] defendant * * * should be afforded youthful offender treatment" (*People v Torres*, 238 AD2d 933, 934; *see, People v La Grange*, 115 AD2d 149, 150; *People v Robinson*, 110 AD2d 939). When the issue is properly raised before the sentencing court, CPL 720.20 mandates that the court determine whether the defendant is a youthful offender, and the requirement may not be ignored (*People v Mendoza*, 57 AD2d 846; *cf., People v McGowen*, 42 NY2d 905; *People v Cunningham*, 238 AD2d 350). The sentencing court failed to determine the defendant's status as a youthful offender. Therefore, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after determining if the defendant should be sentenced as a youthful offender. We express no opinion as to whether or not Supreme Court should adjudicate the defendant a youthful offender. Rosenblatt, J. P., Thompson, Friedmann and Goldstein, JJ., concur.