*741 OPINION OF THE COURT
Frank J. LaBuda, J.
This matter comes before the court on the People’s motion to withdraw from the plea agreement previously entered into between defendant and the People in 2009. Defendant has submitted an affirmation in opposition and the People have submitted a reply.
On November 24, 2009, defendant was convicted by guilty plea in Sullivan County Court of two counts of burglary in the second degree and grand larceny in the fourth degree in full satisfaction of all counts in both indictments. The parties agreed that as part of the plea agreement, defendant would receive youthful offender (YO) status only on the burglary in the second degree convictions and be sentenced to 1 to 4 years on each, to run consecutively, for a total aggregate term of 2 to 8 years in state prison. He was not to be granted YO status for the grand larceny in the fourth degree conviction, but would serve a determinate sentence of one year to run concurrently with the sentences for the burglary convictions. As part of the plea agreement, defendant waived his right to appeal. On January 4, 2010, the court sentenced defendant in full accordance with the plea agreement.*
On March 8, 2013, defendant moved, pro se, pursuant to CPL 440.20, to have his sentences vacated arguing that because he received youthful offender status, the aggregate sentence could not be greater than lVs to 4 years in state prison, and therefore the aggregate sentence of 2 to 8 years was illegal. By decision and order dated March 27, 2013, this court granted defendant’s motion to have the sentences set aside as unauthorized, but granted the People’s application to reinstate the original charges, vacated defendant’s YO status and restored the case to the preplea status. The court assigned counsel to represent defendant.
Thereafter, defendant moved to reargue the court’s March 27, 2013 decision vacating defendant’s YO status and restoring the case to its preplea status. By decision and order dated September 12, 2013, this court granted defendant’s motion, pursuant to CPL 440.20, to set aside the sentences, vacated the March 27, 2013 order, thereby reinstating defendant’s guilty pleas to the *742 indictment while maintaining his youthful offender status, and set the matter down for sentencing. (See CPL 440.10 [2] [d]; 440.20 [1]; 720.20 [1] [a]; Penal Law §§ 60.02 [2]; 70.00 [2] [e]; People v Malloy, 34 AD3d 1046 [3d Dept 2006]; People v Calderon, 79 NY2d 61, 64, 65 [1992].)
The People now argue that in light of this court’s September 12, 2013 decision, they should be granted the right to withdraw from the original, negotiated plea agreement on the grounds they negotiated in good faith for a sentence that cannot be imposed or honored, and they have therefore been prejudiced as a result thereof in not obtaining the number of years in prison for this defendant they agreed to at the original plea bargain.
Defendant argues that a court has no inherent power “ ‘to vacate a plea and sentence over defendant’s objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has terminated by the entry of judgment.’ ” (People v Richardson, 100 NY2d 847, 852-853 [2003], citing Matter of Campbell v Pesce, 60 NY2d 165, 169 [1983].) Once a defendant’s sentence has been imposed and judgment entered,
“[the] plea [cannot] be disturbed based upon the parties’ mutual mistake since no statutory basis ex-istís] for setting aside such a plea .... And while defendant’s sentence was assailable for illegality pursuant to the CPL, the proper curative course in the absence of defendant’s consent to do otherwise, [is] to impose a new sentence consistent as a matter of law with defendant’s . . . plea.” (Matter of Kisloff v Covington, 73 NY2d 445, 452 [1989].)
However, in People v Farrar (52 NY2d 302 [1981]), upon which the People rely, the Court held that the People should have been given the right to withdraw from the plea agreement “in the event a lesser sentence [was] to be imposed” prior to the original sentencing. (Id. at 305.) That case, however, is distinguishable from the case at bar in that the sentencing decision was a matter ultimately committed to the discretion of the court, and the trial court erred when it failed to exercise its discretion at the time of the original sentencing by imposing the agreed to sentence rather than a lesser sentence it believed more appropriate. The case was remanded to its presentence status due to the trial court’s error. In that situation — one in which the trial court failed to exercise its sentencing discretion to impose a lesser sentence than that to which the parties agreed, and to *743 which the defendant had no objection — the People had to be given the opportunity to withdraw from the original plea agreement, the same opportunity they would have had had the trial court correctly exercised its discretion in the first instance and indicated to the parties that it intended to give a lesser sentence to the defendant.
The Court of Appeals in Farrar noted, however, that “this is not to say that the People’s application must be granted in all cases, for, among other things, prejudice to a defendant following a plea may prevent restoration to status quo ante and render vacatur of the plea inappropriate.” (Id. at 308.)
In the instant case, there is no indication that the finding of youthful offender status was inappropriate or illegal, as was the situation in Covington. This court has already determined, in its discretion, that it cannot, now, rescind its finding of YO status for defendant. To allow the People to withdraw from the plea agreement would greatly prejudice defendant. (See Covington.) This court, as the People would argue, cannot render a decision to “legitimate the term of [the original] sentence imposed.” (People v Calderon, 79 NY2d 61, 67 [1992].)
The case at bar is also distinguishable from People v Ciccone (91 AD2d 688 [2d Dept 1982]), in which the Court, within two weeks of original sentencing, revoked the sentence imposed because it was longer than that allowed for a defendant with a YO adjudication. In Ciccone, the People objected and moved to withdraw from the plea agreement, but that motion was denied. In the instant matter, defendant has served over three years in prison. This is not a situation in which the court became aware of an error, immediately vacated the sentence, and then denied the People’s application to withdraw from the negotiated plea agreement based on mutual mistake. This is a case in which the court, exercising its discretion, finds that defendant would be prejudiced if, after serving over three years in state prison, the People were allowed to withdraw from the original plea agreement because the aggregate agreed upon sentence was unauthorized and sentencing defendant in accordance with the law would result in a lesser sentence than originally agreed upon.
Based upon the above, it is ordered that the People’s motion to withdraw from the plea agreement is denied; and it is further ordered that defendant shall be produced for resentencing on December 19, 2013, at 9:30 a.m.

 The defendant was remanded to the care and custody of the New York State Department of Corrections to serve his two-to-eight-year prison sentence.