■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAHQUEL L., Respondent. [976 NYS2d 736]—

Garry, J. Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered April 12, 2013, which sentenced defendant upon his adjudication as a youthful offender.

Defendant was charged in a superior court information with attempted burglary in the second degree arising out of an incident in the City of Cohoes, Albany County that took place when he was 17 years old. Pursuant to a plea agreement that provided, among other things, for a proposed prison term of four years, defendant waived his right to a grand jury indictment and pleaded guilty as charged in satisfaction of this offense and three other pending charges. County Court thereafter granted defendant youthful offender status and sentenced him to time served and five years of probation. The People appeal.

The People lack statutory authority to appeal from defendant's adjudication as a youthful offender (*see People v Joseph R.*, 17 NY3d 767, 768 [2011], *appeal dismissed* 87 AD3d 1041 [2011]) and, instead, appeal pursuant to CPL 450.20 (4), contending that County Court erred in imposing a sentence less than that agreed upon without offering the People an opportunity to withdraw their consent to the waiver of indictment and the plea bargain. We disagree and affirm.

Although sentencing lies firmly within the trial court's discretion, the People must be offered an opportunity to withdraw their consent to a plea agreement when a court imposes a lower

sentence than the parties had negotiated (*see* CPL 220.10 [3], [4]; *People v Farrar*, 52 NY2d 302, 307-308 [1981]; *see also People v Gustafson*, 101 AD2d 920, 921 [1984]). As the People assert, it has been established that they must also be allowed to withdraw consent when a defendant is granted youthful offender status upon remittal, after a sentencing court erroneously fails to consider whether to allow such treatment (*see People v Gannon*, 162 AD2d 818, 819 [1990]).* The circumstances here, however, are readily distinguished from those presented in *Gannon*; in that case, the court and the parties were apparently unaware of the defendant's eligibility for youthful offender treatment when he entered his plea. Here, the record reveals that the parties were all fully aware of defendant's eligibility in the course of negotiating the plea agreement, and they expressly discussed and included the possibility that he might receive youthful offender treatment in forging the agreement. During the plea hearing, County Court repeatedly confirmed that it had discretion to grant defendant youthful offender status, and that a reduced sentence might result if it did so. In a direct exchange with the prosecutor, the court stated that *"the plea agreement* does give [the court] the discretion to impose youthful offender status" (emphasis added), and the prosecutor responded affirmatively. Immediately thereafter, the court advised defendant—with no objection from the People— that whether he would receive the sentence proposed in the plea agreement depended upon the court's determination of his status as a youthful offender. In the course of these discussions and in a written submission, the People opposed allowing youthful offender treatment, but their consent to the plea agreement was never conditioned upon denial of such treatment, nor did they ever express any intention to withdraw consent in the event that such status was granted (*compare People v Rudolph*, 21 NY3d 497, 502 [2013]; *People v Ciccone*, 91 AD2d 688, 689-690 [1982]). Moreover, after the court announced its determination, the People neither objected nor requested an opportunity to withdraw consent. Upon this record, we find that the risk that County Court might grant youthful offender status to defendant was part of the bargain to which the People agreed, and they were not entitled to an opportunity to withdraw their consent thereafter.

Rose, J.P., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

* A sentencing court is required to consider whether to grant youthful offender status to an eligible defendant, even in circumstances where the defendant did not request such consideration or waived it during plea bargaining (*see* CPL 720.20; *People v Rudolph*, 21 NY3d 497, 499 [2013]).