People v Hinton (2020 NY Slip Op 05526)





People v Hinton


2020 NY Slip Op 05526


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-03071
 (Ind. No. 16-00127)

[*1]The People of the State of New York, respondent,
v
James A. Hinton, Jr., appellant.


Joseph J. Artrip, Cornwall, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J.), rendered February 28, 2017, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
By pleading guilty, the defendant forfeited appellate review of any claims of ineffective assistance of counsel that do not directly involve the plea bargaining process and sentence (see People v Petgen, 55 NY2d 529, 535 n 3; People v Tallegrand, 177 AD3d 783, 784; People v Parker, 176 AD3d 1106, 1107; People v Brown, 170 AD3d 878, 879). To the extent that the defendant's contention relates to alleged ineffective assistance that directly involves the plea negotiation process and sentence, it is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance of counsel (People v Maxwell, 89 AD3d 1108, 1109 [internal quotation marks omitted]; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The County Court did not improvidently exercise its discretion in denying the defendant youthful offender treatment. The record supports the court's determination that the defendant, a youth convicted of an armed felony offense (see CPL 1.20[41]), did not establish the requisite mitigating circumstances bearing directly upon the manner in which the crime was committed so as to render him eligible for youthful offender treatment (see CPL 720.10[2][a]; [3]; People v Sanford, 173 AD3d 906, 906-907; People v D.M., 168 AD3d 879, 880). Moreover, contrary to the defendant's contention, the court placed its determination to deny youthful offender treatment on the record (see CPL 720.10[3]; People v Minemier, 29 NY3d 414, 421; People v Middlebrook, 25 NY3d 516, 527-528).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court