People v Hunter (2022 NY Slip Op 01320)





People v Hunter


2022 NY Slip Op 01320


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-08725 
2019-00717
(Ind. Nos. 1442/15, 2141/15)

[*1]The People of the State of New York, respondent,
v
Dante Hunter, appellant. 


Janet E. Sabel, New York, NY (Lauren E. Jones of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, Aharon Diaz, and Emily Aguggia of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Robert Charles Kohm, J.), both rendered July 18, 2017, convicting him, upon his pleas of guilty, of criminal possession of a weapon in the second degree under Indictment No. 2141/2015 and resisting arrest under Indictment No. 1142/2015, and imposing sentences.
ORDERED that the judgments are modified, on the law and as a matter of discretion in the interest of justice, by (1) vacating the sentences imposed, and (2) vacating the imposition of mandatory surcharges and fees; as so modified, the judgments are affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.
CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d 497, 501). With regard to the defendant's conviction of criminal possession of a weapon in the second degree under Indictment No. 2141/2015, which, contrary to the defendant's contention, is an armed felony (see CPL 1.20[41]; Penal Law §§ 70.02[1][b]; 265.03[3]; People v Hinton, 187 AD3d 784, 784), the People concede that the Supreme Court improperly failed to determine on the record whether the defendant was an "eligible youth" (CPL 720.10[2], [3]) and, if so, whether he should be afforded youthful offender treatment (see People v Middlebrooks, 25 NY3d 516, 523-527; People v Cooper, 159 AD3d 979, 980). With regard to the defendant's conviction of resisting arrest under Indictment No. 1142/2015, the defendant contends, and the People concede, that the court also failed to determine whether he should be afforded youthful offender status (see CPL 720.20[1]). The parties are correct that the record does not demonstrate that the court made either of these required determinations (see People v Middlebrooks, 25 NY3d at 523-527; People v Rudolph, 21 NY3d at 499-503).
Accordingly, we vacate the defendant's sentences and remit the matter to the Supreme Court, Queens County, for resentencing after making these determinations (see People v Cooper, 159 AD3d at 980). We express no opinion as to whether the court should afford youthful offender status to the defendant.
The defendant was convicted before the enactment of CPL 420.35(2-a), which permits the waiver of surcharges and fees for persons who, like the defendant, were less than 21 years old at the time of the subject crime. However, based on the People's consent, and pursuant to the exercise of our interest of justice jurisdiction, we waive the surcharge and fees imposed on the defendant at sentencing (see id. § 420.35[2-a][c]; People v Dyshawn B., 196 AD3d 638, 639-641).
In light of our determination, we need not reach the defendant's remaining contentions.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court