People v Simon (2022 NY Slip Op 03277)

People v Simon

2022 NY Slip Op 03277

Decided on May 19, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 19, 2022

106056
[*1]The People of the State of New York, Respondent,
v
Nicholas Simon, Appellant.

Calendar Date:April 20, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Clea Weiss, Ithaca, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Lisa M. Bondarenka of counsel), for respondent.

Aarons, J.P.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered July 31, 2012, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (two counts) and arson in the third degree (two counts).
In 2012, in satisfaction of a multicount indictment, defendant pleaded guilty to two counts of burglary in the second degree and two counts of arson in the third degree and purportedly waived his right to appeal. The charges stemmed from defendant engaging in criminal conduct from May 2011 through December 2011, at a time when he was 17 and 18 years of age. County Court sentenced defendant, in accordance with the terms of the plea agreement, to concurrent prison terms of 14 years followed by five years of postrelease supervision on the burglary convictions, and to lesser concurrent sentences on the arson convictions. After a protracted delay, defendant appeals, seeking, among other things, that this Court exercise its interest of justice jurisdiction to adjudicate him a youthful offender or, in the alternative, remit the matter to County Court in accordance with People v Rudolph (21 NY3d 497 [2013]) for a determination on defendant's youthful offender status.[FN1]
There is no dispute that Rudolph, which was decided after defendant was sentenced but before the appellate process was complete, required County Court to make a determination as to whether defendant, as an eligible youth, should be adjudicated a youthful offender, notwithstanding that no request was made for such treatment (see CPL 720.20 [1]; People v Rudolph, 21 NY2d at 499, 502). Whether to grant youthful offender status lies within the discretion of the sentencing court and cannot be dispensed with through the plea-bargaining process (see People v Pacherille, 25 NY3d 1021, 1023 [2015]; People v Rudolph, 21 NY3d at 501). Although this Court is "vested with the broad, plenary power to modify a sentence in the interest of justice, . . . and, if warranted, exercise our power to adjudicate [a] defendant a youthful offender" (People v Marquis A., 145 AD3d 61, 68 [2016]), we decline defendant's invitation to do so here, in the complete absence of any consideration by the sentencing court, either summarily or otherwise, as to whether defendant should be adjudicated a youthful offender. As such, we deem it appropriate, under such circumstances, to remit the matter to permit County Court the opportunity to make the initial discretionary determination as to whether youthful offender status for defendant is warranted, after the parties fully set forth their positions for and against such treatment (see generally People v Hunter, 203 AD3d 752 [2022]; People v Strong, 124 AD3d 992, 993 [2015]). Without expressing any opinion as to whether youthful offender adjudication should be afforded defendant, in the event that County Court grants such status upon remittal, which would result in the court imposing a lower sentence than the parties negotiated[*2], the People must be given an opportunity to withdraw consent to the plea bargain (see People v Farrar, 52 NY2d 302, 307-308 [1981]; People v Jahquel L., 112 AD3d 1155, 1156 [2013]; People v Gannon, 162 AD2d 818, 819 [1990]). As the sentence has been vacated, defendant's claim that the sentence is harsh and excessive is academic.
Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Sullivan County for further proceedings pursuant to CPL 460.50 (5) and for resentencing; and, as so modified, affirmed.

Footnotes

Footnote 1: Defendant's waiver of the right to appeal, regardless of its validity, does not foreclose his challenge to the failure of the sentencing court to consider youthful offender status (see People v Pacherille, 25 NY3d 1021, 1024 [2015]).