(October 29, 1992)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DANIEL AIKEN, Appellant.—Appeals (1) from a judgment of the County Court of Broome County (Monserrate, J.), rendered September 4, 1987, convicting defendant upon his plea of guilty of the crimes of rape in the first degree and sodomy in the first degree, and (2) by permission, from an order of said court, entered March 16, 1989, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Upon his plea of guilty of the crimes of rape in the first degree and sodomy in the first degree, defendant was sentenced to concurrent terms of imprisonment of 8⅓ to 25 years. We reject defendant's contention that in sentencing defendant County Court reneged on a promise to sentence him to less than the harshest sentence if he received a favorable psychiatric evaluation. A review of the record reveals that County Court made no promises as to sentence (see, People v Selikoff, 35 NY2d 227, cert denied 419 US 1122; People v Lazore, 59 AD2d 635). We also reject defendant's argument that his plea was not knowing and voluntary. The plea allocution was sufficient to establish defendant's guilt (see, People v Brown, 160 AD2d 1039). Given his representation at the plea that his plea was voluntary and that he was guilty of the crimes alleged, as well as his prior admissions to the police, defendant's conclusory contentions to the contrary did not require County Court to hold a hearing before denying defendant's motion to vacate the judgment on these grounds (see, CPL 440.30 [4] [d]; People v Risalek, 172 AD2d 870, lv denied 78 NY2d 1080).

Defendant made a postverdict motion in which he claimed that he was denied effective assistance of counsel because of counsel's failure to move to suppress statements and because of counsel's advice to plead guilty to both counts charged without benefit of a promise from the sentencing court as to the sentence to be imposed. We find no error in County Court's failure to conduct a hearing on this claim. Defendant presents no basis upon which his inculpatory statement could have been suppressed (see, People v Jordan, 143 AD2d 367, 368, lv denied 73 NY2d 856) and was not prejudiced by counsel's failure to move to suppress a statement concerning an unrelated crime. The fact that this statement was considered at sentencing does not require a different result (see, United States v Schipani, 414 F2d 1262, cert denied 397 US 922; People v Wright, 104 Misc 2d 911). As to the guilty plea, the record indicates that counsel determined that, given the evidence of guilt, chances for a lesser sentence were enhanced

by a guilty plea and continued psychological counseling rather than proceeding to trial *(see, People v Kennedy,* 141 AD2d 975, 977, *lv denied* 72 NY2d 1046). We find, however, that the failure of County Court to expressly rule on defendant's application for youthful offender treatment, coupled with the misstatement of law in the presentencing report that defendant was not eligible for such treatment, requires remittal for consideration of such treatment *(see, People v Gannon,* 162 AD2d 818).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order is affirmed.