■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN PAOLUCCI, Appellant. [761 NYS2d 877] —Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered May 16, 2002, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.

Defendant pleaded guilty to the crime of grand larceny in the fourth degree in satisfaction of a superior court information after having been arraigned on the crime of robbery in the second degree and waiving presentment to the grand jury on that charge. The plea agreement included a sentence of 90 days in jail, five years' probation, waiver of the right to appeal and no guarantee on youthful offender status. County Court accepted the plea after conducting an extensive plea colloquy which addressed defendant's satisfaction with counsel, sobriety, ability to understand the proceedings, willingness to enter the plea voluntarily, apprisal of his rights and options, the sentencing possibilities on the charge, that there was no guarantee on whether he would be granted youthful offender status, and the meaning of waiving his right to appeal. The court declined to grant defendant youthful offender status and imposed the agreed-upon sentence. County Court could have deviated from that sentence due to defendant's arrest on new charges between the time of the plea and sentencing after defendant was advised of and signed *Parker* admonitions (*see People v Parker*, 57 NY2d 136 [1982]). Defendant appeals.

Assigned counsel now moves to be relieved of his assignment as counsel for defendant on the ground that no nonfrivolous appellate issues exist. Based on our review of the record, we agree. Defendant entered a knowing, intelligent and voluntary plea of guilty, never sought to vacate or withdraw that plea, waived his right to appeal and was sentenced in accordance with the plea bargain (*see People v Espino*, 279 AD2d 798, 800 [2001]; *People v Kwiatkowski*, 268 AD2d 681 [2000], *lv denied* 94 NY2d 949 [2000]). Defendant pleaded guilty with the knowledge that County Court could decline to grant him youthful of-

fender status, and any argument on that issue was forfeited by his waiver of the right to appeal (*see People v Allen*, 259 AD2d 835 [1999]). As we find no issues of arguable merit, assigned counsel's application for leave to withdraw is granted (*see People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Mercure, J.P., Crew III, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, and application to be relieved of assignment granted.