Appeal from a judgment of the County Court of Warren County (Austin, J.), rendered May 7, 2002, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
As a result of a plea bargain that included the waiver of his right to appeal, defendant pleaded guilty to the crime of robbery in the second degree in satisfaction of a two-count indictment that arose from his participation as the driver of the getaway car during a robbery of a general store. Defendant was sentenced to an agreed-upon prison term of four years and three years of postrelease supervision. Defendant now appeals, contending that he was improperly denied youthful offender status and the sentence imposed was harsh and excessive. We *804 affirm. By knowingly and intelligently waiving his right to appeal, defendant has forfeited his right to now argue that he should have been granted youthful offender status (see People v Paolucci, 307 AD2d 479 [2003]) or that his sentence was too severe (see People v Hidalgo, 91 NY2d 733, 737 [1998]). Nevertheless, if the merits were addressed, we would find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence considering the violent nature of the crime and the clear indication in the record that the plea was not conditioned on defendant receiving youthful offender treatment (see People v Wade, 297 AD2d 877 [2002]; People v Lloyd, 249 AD2d 623 [1998]).
Cardona, EJ., Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.