■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. GRIFFIN, JR., Appellant. [793 NYS2d 649]—Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 29, 2003, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

In satisfaction of an indictment charging defendant with three counts of the crime of robbery in the second degree, he pleaded guilty to the crime of attempted robbery in the second degree and waived his right to appeal. After he was denied youthful offender status, he was sentenced in accordance with the negotiated plea agreement to a prison term of 3½ years, to be followed by two years of postrelease supervision. On appeal, defendant contends that County Court erred by prematurely denying his request for youthful offender treatment before receipt of the presentence investigation report and without consideration of all appropriate factors.

Although we have held that a valid waiver of the right to appeal does not encompass the sentencing court's failure to determine whether an eligible youth is a youthful offender as mandated by CPL 720.20 (*see People v Harrington*, 281 AD2d 748, 748-749 [2001], *lv denied* 96 NY2d 830 [2001]), defendant's challenge here is not to the legality of the sentence, but to "the procedures utilized in determining and imposing [the] sentence" (*People v Callahan*, 80 NY2d 273, 281 [1992]). Thus, as a challenge to the denial of a request for youthful offender treatment, it is precluded by his waiver of the right to appeal (*see People v Vedder*, 1 AD3d 803, 804 [2003], *lv denied* 1 NY3d 602 [2004]; *People v Paolucci*, 307 AD2d 479, 479-480 [2003]). Were we to consider the issue, we would note that County Court stated that

it would consider defendant's request once the presentence investigation report was submitted, but also warned that defendant was an unlikely candidate and should not enter a plea expecting to receive youthful offender treatment. Inasmuch as County Court ultimately denied defendant's request only after it had reviewed the presentence investigation report, we would find no error (*see People v Harrington, supra* at 748-749; *People v Defino*, 200 AD2d 907, 908 [1994], *lv denied* 83 NY2d 851 [1994]).

Defendant's contention that County Court also failed to consider certain mitigating circumstances when it denied his request for youthful offender status is a challenge to the court's exercise of its discretion and, therefore, it too does not survive his waiver of the right to appeal (*see People v Baker*, 6 AD3d 751, 751 [2004]; *People v Walrath*, 285 AD2d 674, 674 [2001]).

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.