■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN V. WOODARD, Appellant. [803 NYS2d 776]—

Spain, J. Appeal, by permission, from an order of the County Court of Franklin County (Main, Jr., J.), entered September 29, 2004, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment convicting him of conspiracy in the second degree and to set aside the sentence, without a hearing.

Defendant pleaded guilty to conspiracy in the second degree in connection with his involvement in a murder for hire scheme. As part of the plea, he waived his right to appeal except with respect to the sentence. County Court agreed not to impose a sentence of greater than 5 to 15 years in prison and ultimately sentenced defendant to a 4 to 12-year prison term. On direct appeal, this Court declined to disturb the sentence as harsh and excessive (263 AD2d 682 [1999], *lv denied* 93 NY2d 1029 [1999]). Raising numerous contentions, defendant thereafter moved pursuant to CPL 440.10 and 440.20 seeking to vacate the judgment of conviction or, alternatively, to set aside the sentence. In a thorough and lengthy written decision, County Court denied

the motion without a hearing and this Court granted defendant permission to appeal.

Defendant's sole assertion on this appeal is that County Court erroneously denied his postverdict motion without a hearing, asserting entitlement to a hearing on his claim that his incriminating statements to police had been coerced and he was denied the effective assistance of counsel by his attorney's failure to request a *Huntley* hearing. We note that defendant's affidavit, the sole proof submitted in support of his motion, contained only conclusory generic allegations concerning his statements and counsel's failure to move to suppress them. Pursuant to CPL 440.30 (4) (d), a court need not conduct a hearing where "[a]n allegation of fact essential to support the motion (i) . . . is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true." In view of the paucity of defendant's affidavit and the lack of other proof supporting the conclusion that suppression of the incriminating statements was warranted or that defense counsel provided inadequate representation, we find that County Court did not improvidently exercise its discretion in denying defendant's motion without a hearing (*see People v Sayles*, 17 AD3d 924, 925 [2005], *lv denied* 5 NY3d 794 [2005]; *People v Aiken*, 186 AD2d 897, 898 [1992]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed.