THIRD DEPARTMENT, DECEMBER, 2007

(December 6, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP ROBERTSON, Appellant. [846 NYS2d 755]—

Cardona, P.J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered July 20, 2005, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

In September 2004, defendant became involved in a physical altercation with the victim, another SUNY Plattsburgh student, that resulted in defendant stabbing the victim. Defendant was treated at a hospital for injuries he sustained during the incident and, at that time, was also questioned by police and gave a statement about the occurrence. After he left the hospital, defendant was again questioned by police and, after being read his Miranda rights, gave another statement. Thereafter, in a multicount indictment, defendant was charged with, among other things, reckless endangerment in the first degree, assault in the first degree, attempted murder in the second degree as a hate crime, assault in the first degree as a hate crime, criminal possession of a weapon in the fourth degree and attempted mur-

der in the second degree. After defendant unsuccessfully challenged the admissibility of his statements to the police at a *Huntley* hearing, he pleaded guilty to assault in the second degree in satisfaction of the indictment and waived his appeal rights. Defendant was thereafter sentenced to five years in prison with five years of postrelease supervision, prompting this appeal.

Initially, defendant contends that County Court should have granted his motion to suppress his statements to the police. Notably, any challenge to the court's ruling in that regard would be precluded by an enforceable waiver of the right to appeal (*see People v Hunt*, 29 AD3d 1081, 1083 [2006], *lv denied* 7 NY3d 813 [2006]). Here, defendant expressly waived his right to appeal during the colloquy and "executed a detailed written waiver acknowledging his right to appeal, relating that he had discussed his appellate options with his attorney and stating that he was waiving his right to appeal voluntarily" (*People v Fludd*, 33 AD3d 1124, 1125 [2006], *lv denied* 9 NY3d 843 [2007]; *see People v Ramos*, 7 NY3d 737, 738 [2006]). Accordingly, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal and, therefore, his challenge to the suppression ruling is foreclosed.

Finally, while a valid waiver of appeal precludes a defendant from challenging the severity of his or her sentence on appeal (*see People v Lopez*, 6 NY3d 248, 255 [2006]), it does not prevent a defendant from appealing on the basis that the sentence is illegal (*see id.*; *People v Callahan*, 80 NY2d 273, 280 [1992]). In that regard, the five-year period of postrelease supervision was not appropriate. Defendant pleaded guilty to second degree assault, which is a class D violent felony (*see* Penal Law § 70.02 [1] [c]) and, therefore, the maximum permissible postrelease supervision term is three years (*see* Penal Law § 70.45 [2] [e]). Consequently, we modify the judgment to the extent of imposing a reduced postrelease period of supervision of three years (*see People v Harp*, 20 AD3d 672, 674 [2005], *lv denied* 5 NY3d 852 [2005]).

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as imposed upon defendant a five-year period of postrelease supervision; sentence vacated to said extent and a three-year period of postrelease supervision is imposed; and, as so modified, affirmed.