(March 27, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER A. ROMANO, Appellant. [854 NYS2d 582]—

Rose, J.

In satisfaction of a superior court information charging defendant with the crime of rape in the first degree, defendant pleaded guilty to the crime of rape in the second degree and waived his right to appeal. At sentencing defendant's request for youthful offender treatment was denied. He was sentenced pursuant to the negotiated plea agreement to six months in jail, which time he had already served, and 10 years of probation. Defendant now appeals, contending that County Court erred by not considering that he was eligible for youthful offender treatment.

Where, as here, it is asserted that the sentencing court failed to consider youthful offender status for an eligible defendant, the challenge to denial of such status is not precluded by a waiver of the right to appeal (*see People v Griffin*, 17 AD3d 927, 927 [2005]; *People v Harrington*, 281 AD2d 748, 749 [2001], *lv denied* 96 NY2d 830 [2001]). Nevertheless, as the record reveals that County Court expressly considered—and denied—defendant's request for youthful offender treatment, we find no error (*see People v Harrington*, 281 AD2d at 749; cf. *People v Aiken*, 186 AD2d 897, 899 [1992]; *People v Gannon*, 162 AD2d 818, 819 [1990]). A review of the sentencing minutes reveals that County Court was aware that defendant was eligible for such treatment prior to ruling on his request and there is nothing in the record to indicate that he was denied youthful offender status based on a misunderstanding regarding his eligibility.

Defendant's remaining contentions are precluded by his waiver of appeal (*see People v Callahan*, 80 NY2d 273, 281 [1992]; *People v Griffin*, 17 AD3d at 927).

Mercure, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.