THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH G. ORMSBY, Appellant. [932 NYS2d 383]—

Defendant contends that his sentence is illegal because he should have been sentenced to two years of postrelease supervision instead of three years. Preliminarily, we note that defendant's challenge to the legality of the sentence is not precluded by his waiver of the right to appeal (*see People v Greathouse*, 62 AD3d 1212, 1213 [2009], *lv denied* 13 NY3d 744 [2009]; *People v Robertson*, 46 AD3d 928, 929 [2007], *lv denied* 10 NY3d 844 [2008]). Turning to the merits, Penal Law § 70.45 (2) (b) provides that the period of postrelease supervision imposed upon a defendant convicted of a class B felony under Penal Law § 70.70 and sentenced to a determinate term of imprisonment "shall be not less than one year nor more than two years." Defendant here was sentenced under Penal Law § 70.70 (2) (a) (i) and received a period of postrelease supervision of three years, which the People concede was error. Therefore, the judgment must be modified accordingly (*see People v Robertson*, 46 AD3d at 929; *People v Brill*, 42 AD3d 823, 823 [2007], *lv denied* 9 NY3d 960 [2007]).

Spain, J.P., Malone Jr., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as imposed upon defendant a three-year period of postrelease supervision; sentence vacated to said extent and a two-year period of postrelease supervision is imposed; and, as so modified, affirmed.