■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAZGHI SMITH, Appellant. [939 NYS2d 719]—McCarthy, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 8, 2010, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant was charged in a two-count indictment with rob-

bery in the first degree and burglary in the first degree after he forced his way into the home of the nine-year-old victim's grandfather and proceeded to rob the boy of his video game system at knife point. According to the victim's grandfather, when he tried to intervene, defendant knocked him down and fled the scene with the stolen property. Following defendant's arrest, a plea bargain was negotiated whereby he would plead guilty to robbery in the first degree in satisfaction of the indictment, waive his right to appeal and receive a sentence no greater than 2 to 6 years in prison. County Court informed defendant at that time that, while he was unwilling to grant him youthful offender status under the circumstances, he would duly consider any application that was made. Defendant then accepted the plea bargain, waived his right to appeal and pleaded guilty to robbery in the first degree in satisfaction of the indictment. At sentencing, the court, after denying defendant's application for youthful offender status, imposed a prison term of 1⅔ to 5 years. This appeal ensued.

We affirm. Notably, defendant's appeal waiver, the validity of which he does not dispute (*see People v French*, 72 AD3d 1397, 1399 [2010], *lv denied* 15 NY3d 804 [2010]), forecloses any review of the denial of defendant's request for youthful offender status (*see People v Harrington*, 281 AD2d 748, 748-749 [2001], *lv denied* 96 NY2d 830 [2001]).* Turning to defendant's assertion that he was deprived of the effective assistance of counsel, we note that, "to the extent that [this claim] implicates the voluntariness of his plea, [it] survives his appeal waiver but is unpreserved for our review because he failed to move to vacate the judgment of conviction or withdraw his plea" (*People v Joyce*, 91 AD3d 986, 987 [2012]). In any event, we find no basis to conclude that defendant was not afforded meaningful representation.

Finally, while defendant's contention that his sentence is harsh and excessive is also precluded by his waiver of the right to appeal (*see People v Sherman*, 91 AD3d 982, 983 [2012]), his contention that the sentence is illegal is not (*see People v Ormsby*, 89 AD3d 1244, 1244 [2011]). Nonetheless, our review confirms that his sentence was legally imposed (*see* Penal Law § 70.00 [2] [b]; [3] [b]).

Mercure, A.P.J., Lahtinen, Spain and Stein, JJ., concur. Ordered that the judgment is affirmed.

---

* To the extent that defendant is arguing that County Court's denial of youthful offender status was the result of a misunderstanding concerning his eligibility, this is not borne out by the record (*see People v Romano*, 49 AD3d 1082 [2008]). Instead, during the plea allocution, the court specifically noted that it would entertain an application for such status.