Lahtinen, J.
Appeals (1) from a judgment of the County Court *1137 of Otsego County (Burns, J.), rendered July 22, 2011, convicting defendant upon his plea of guilty of the crime of attempted murder in the second degree, and (2) by permission, from an order of said court (Cawley, J), rendered May 25, 2012, which denied defendant’s motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.
Defendant was charged in a four-count indictment with various crimes, including attempted murder in the first degree as a hate crime, as the result of an incident in which he shot a classmate who was an African American. He was 16 years old at the time. Defendant pleaded guilty to attempted murder in the second degree in satisfaction of the charges and waived his right to appeal. Prior to sentencing, defense counsel requested that defendant be sentenced as a youthful offender. County Court (Burns, J.) denied the request and sentenced defendant, in accordance with the plea agreement, to 11 years in prison to be followed by five years of postrelease supervision. Defendant thereafter moved to set aside the sentence pursuant to CPL 440.20 and to have the sentencing judge recuse himself from considering the motion. County Court (Burns, J.) recused himself and the CPL 440.20 motion was assigned to another judge. County Court (Cawley, J.) ultimately denied the motion. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.20 motion.
Defendant argues, among other things, that County Court (Burns, J.) abused its discretion in denying his request to be sentenced as a youthful offender. This argument, however, is foreclosed by his valid waiver of the right to appeal, the enforceability of which he does not contest (see People v Griffin, 100 AD3d 1153, 1154 [2012], lv denied 20 NY3d 1011 [2013]; People v Smith, 93 AD3d 955, 956 [2012], lv denied 19 NY3d 977 [2012]; People v Brabham, 83 AD3d 1225, 1225 [2011]). Defendant further contends that County Court (Cawley, J.) erroneously denied his CPL 440.20 motion to set aside the sentence as unconstitutional and illegally imposed. Specifically, he maintains that the sentencing judge was biased causing him to sentence defendant as a adult. Our review of the record does not reveal bias impacting the sentence and indicates that the sentencing judge properly exercised his responsibility at the time of sentencing (see People v Hicks, 98 NY2d 185, 188-189 [2002]; People v Farrar, 52 NY2d 302, 306 [1981]). We have considered defendant’s remaining arguments and find them to be unpersuasive.
Mercure, J.P, McCarthy and Garry, JJ, concur. Ordered that the judgment and order are affirmed.