■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH UPSHAW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Stolarik, J.), rendered May 10, 1984, convicting him of robbery in the first degree, grand larceny in the third degree, assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to the police.

Ordered that the judgment is reversed, on the law, and a new trial is ordered; the findings of fact have been considered and are determined to have been established.

Initially, we reject the defendant's argument that that branch of his omnibus motion which was to suppress the statements he made to the police following his arrest was improperly denied. There is no basis for disturbing the hearing court's finding that the defendant's statements made to the police at the time of his arrest were spontaneous and unsolicited *(see, People v Lynes,* 49 NY2d 286, 294-295; *People v Bryant,* 87 AD2d 873, 874, *affd* 59 NY2d 786, *rearg dismissed* 65 NY2d 638).

Contrary to the defendant's further contentions, the evidence was legally sufficient to support his conviction for robbery in the first degree *(see,* Penal Law § 160.15 [4]; *People v Baskerville,* 60 NY2d 374; *People v Brown,* 108 AD2d 922, 923) and assault in the second degree *(see,* Penal Law § 120.05 [2]; *People v Bogan,* 70 NY2d 860, *rearg denied* 70 NY2d 951).

However, reversal of the judgment and a new trial is warranted on the ground that the trial court improperly

denied the defendant's motion to strike the testimony of Tony Canada. The People called Canada as a rebuttal witness to establish that he had been asked by the defendant to speak to the complainant about dropping the charges against the defendant. However, when Canada denied that the defendant had approached him with that request, upon the prosecutor's motion, the witness was declared "hostile". Canada was then asked the following questions by the prosecutor and the court:

"Q. *Tony, do you remember speaking with me down in my office about a half hour ago?*

"A. Yes * * *

"Q. Okay. *Do you remember telling me when I asked you what exactly Keith Upshaw said to you, that you told me he said can you talk to your man?*

"A. *But I had—*

"Q. *Did he say that, that is all I'm asking, did he say can you talk to your man?*

"A. *No.*

"THE COURT: Mr. Canada. All he's asking you, *did you say—*

"A. *No* * * *

"Q. One more time. Did Keith ever say, *did you ever tell me in my office that Keith said to you why don't you talk to your man.*

"[DEFENDANT'S COUNSEL]: Objection, asked and answered.

"THE COURT: I— * * *

"THE COURT: *Yes or no, did you say that to* [the prosecutor]?

"THE WITNESS: *I didn't say that in that type of statement.*

"THE COURT: *Did you say that statement?* That is all he's asking you. You heard the statement that he just made?

"THE WITNESS: *No"* (emphasis supplied).

Since Canada's testimony did not connect the defendant to any attempt to influence the complainant, it should have been stricken upon the defense counsel's request *(see, People v Buzzi,* 238 NY 390, 397-398). Further, the prosecutor was allowed to become, in effect, an unsworn witness against the defendant. Under the circumstances, it cannot be said that the refusal to strike this rebuttal testimony was harmless error *(see, People v Johnson,* 57 NY2d 969, 970; *People v Crimmins,* 36 NY2d 230, 241).

The other issues raised by the defendant need not be addressed. Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.