■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLOW ALEXANDER, Appellant. [594 NYS2d 66] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered January 8, 1990, convicting him of attempted aggravated assault upon a police officer, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, inter alia, that the prosecutor became an unsworn witness when questioning two prosecution witnesses about the discovery of an extra indentation on one of the shell casings recovered from the defendant's gun, which was previously used to test the weapon. The extra indentation was relevant to prove that the defendant had pulled the gun's trigger while pointing it at the police officers, although the gun failed to fire. The prosecutor, among others, was present at the ballistics lab at the time of the discovery of the extra indentation. While questioning the witnesses, the prosecutor asked: "what did we do when we gave you the envelope" and "what did we then do". While it would have been better had the prosecutor not used the term "we", he did not inject the issue of his own credibility into the trial (see, e.g., People v King, 175 AD2d 266), nor did he express his personal views on any of the evidence, suggest facts not in evidence, or vouch for his witnesses (see, People v Paperno, 54 NY2d 294). We also

find that the defendant suffered no prejudice from the prosecutor's use of the term "we".

The defendant also contends that his conviction should be reversed because the People failed to timely give him certain notes prepared by a paralegal employed by the District Attorney's office, which notes constituted *Rosario* material. We disagree. The notes were given to the defense prior to the paralegal testifying, "at a time when they [could] meaningfully assist in the preparation of the cross-examination" of the witness *(People v Perez,* 65 NY2d 154, 159).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Miller and Santucci, JJ., concur.