■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIEZER MARTINEZ, Appellant. [753 NYS2d 851] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered February 6, 2001, convicting him of criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (O'Dwyer, J.H.O.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statement to the police, physical evidence, and identification testimony.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Contrary to the defendant's contention, the police had reasonable suspicion to stop and detain him and his companions pending a showup identification by the complainant based on a radio transmission, as well as the fact that the defendant was found near the crime scene shortly after the crime occurred (*see People v Hicks,* 68 NY2d 234; *People v De Bour,* 40 NY2d 210; *People v Thomas,* 294 AD2d 607, *lv denied* 98 NY2d 702; *People v Breazil,* 269 AD2d 537).

However, pursuant to CPL 720.20 (1), the sentencing court has a statutory obligation to determine, on the record, whether an eligible youth should be afforded youthful offender treatment when, as here, the issue was properly raised (*see People v Miles,* 244 AD2d 433). The sentencing court failed to adequately place on the record its reasons for denying the defendant youthful offender status. Therefore, the defendant's sentence must be vacated and the matter is remitted to the Supreme Court, Queens County, for resentencing after determining if the defendant should be sentenced as a youthful offender. We express no opinion as to whether the Supreme Court should afford youthful offender status to the defendant.

The defendant's remaining contentions are without merit. Smith, J.P., Goldstein, Friedmann and McGinity, JJ., concur.