(December 23, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN RODRIGUEZ, Appellant. [770 NYS2d 38]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered February 17, 2000, convicting defendant, after a jury trial, of attempted murder in the second degree (three counts) and criminal use of a firearm in the first degree, and sentencing him to concurrent terms of 8 to 16 years, unanimously affirmed.

More than a year before trial, defendant served an alibi notice

stating that he was attending a birthday party at the time of the charged crimes. Defendant did not withdraw this alibi notice prior to trial, and in fact reaffirmed the notice just prior to trial by giving another copy of it to the prosecutor, who was unable to find the copy previously served on the People. At trial (and in the midst of the defense case), however, defense counsel orally disavowed the previously served alibi notice, representing that predecessor counsel had served it in error due to confusion about the date on which the birthday party had been held. In lieu of the noticed alibi, defendant presented an entirely different alibi defense, to the effect that he was with his girlfriend at her apartment when the crimes were committed. No prior notice had been given of this alibi, and the witnesses through whom it was presented (the girlfriend and her mother) had never been named in any alibi notice. The court thereafter permitted the prosecutor to introduce a redacted copy of the alibi notice into evidence on rebuttal, solely for the purpose of impeaching the two alibi witnesses. The jury, which was given an appropriate limiting instruction concerning the matters for which the alibi notice could be considered, convicted defendant.

Under the circumstances of this case, the admission of the alibi notice affords no grounds for reversal. While the Court of Appeals has held that "the prosecution should not be permitted to impeach a defendant who has elected *not to present an alibi defense at trial* with statements contained in a notice of alibi *withdrawn before trial*" (*People v Burgos-Santos*, 98 NY2d 226, 235 [2002] [emphasis added]), the *Burgos-Santos* rule does not, by its terms as promulgated by the Court of Appeals, apply to the facts of this case. To reiterate, defendant did not disavow the notice of the birthday party alibi until the trial (and, indeed, the defense case itself) was underway, and, rather than presenting, as contemplated by *Burgos-Santos*, "a non-alibi defense" at trial (*id.* at 233), he did present an alibi defense at trial, albeit one entirely different from the alibi set forth in his only pretrial notice. We reject the contention that the *Burgos-Santos* rule should be extended to apply to this set of facts. On the one hand, defendant failed to act in the manner such rule is intended to encourage—that is to say, he did not timely withdraw his inaccurate alibi notice. On the other hand, he did, by raising a new, "eleventh-hour" alibi defense for the first time at trial (*Burgos-Santos*, 98 NY2d at 233, quoting *Williams v Florida*, 399 US 78, 81 [1970]), engage in precisely the conduct that the notice-of-alibi statute (CPL 250.20) is intended to prevent. In any event, even if there were any error in the admission of the alibi notice, we would find the error to be harmless in light of the overwhelming evidence of defendant's guilt and

the fact that his alibi witnesses were subject to devastating impeachment independent of the alibi notice. To the extent that defendant is raising a constitutional claim, such claim is unpreserved, and we decline to review it in the interest of justice.

The court properly exercised its discretion in refusing to permit defendant's mother to testify regarding the preparation of the alibi notice. The court properly concluded that defendant's mother was in no position to explain the circumstances under which the notice was prepared. In any event, were we to find any error, we would likewise find it to be harmless.

Defendant was not deprived of his right to be present at a material stage of the trial. Defendant's presence was not required at a proceeding concerning the disqualification of a sworn juror, because whether a sworn juror is "grossly unqualified" is a legal determination (*see People v Harris*, 99 NY2d 202, 212-213 [2002]; *see also People v Torres*, 80 NY2d 944 [1992]), and defendant could not have made any contribution which would have affected the outcome. Contrary to defendant's argument, the record clearly establishes that the legal issue of disqualification was the only subject of this proceeding.

The court properly denied defendant's request for a missing witness charge with respect to a witness who had left for the Dominican Republic after the incident and whose whereabouts were unknown (*see People v Gonzalez*, 68 NY2d 424, 428 [1986]). The People made a sufficient showing of unavailability to avoid a missing witness charge.

We have considered and rejected defendant's remaining claims. Concur—Buckley, P.J., Sullivan, Rosenberger and Friedman, JJ.