■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER RIVERA, Appellant. [810 NYS2d 334]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered September 25, 2003, convicting him of robbery in the first degree, robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the specific nature of the prosecutor's questions to a defense witness improperly impeached the witness and rendered the prosecutor an unsworn witness. The defendant's contention is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Tevaha*, 84 NY2d 879 [1994]; *People v Gagliardo*, 307 AD2d 934 [2003]; *People v Materon*, 276 AD2d 718, 719 [2000]; *People v West*, 212 AD2d 651, 652 [1995]). In any event, the defendant's contention is without merit. The prosecutor did not inject the issue of her own credibility into the trial, express her personal views on any of the evidence, suggest facts not in evidence, or vouch for the People's witnesses (*see People v Alexander*, 191 AD2d 498 [1993]; *compare People v Upshaw*, 138 AD2d 761, 762 [1988]).

The defendant has not preserved for appellate review his contention that the jury charge regarding interested witnesses was unbalanced (*see* CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, the trial court's charge adequately conveyed to the jury the appropriate standards for evaluating the witnesses' testimony (*see People v Inniss*, 83 NY2d 653, 658-659 [1994]; *People v Agosto*, 73 NY2d 963, 967 [1989]; *People v Rivera*, 307 AD2d 369 [2003]; *People v Johnson*, 284 AD2d 344 [2001]; *People v Oberhauser*, 272 AD2d 559 [2000]; *People v Smith*, 240 AD2d 600 [1997]).

The defendant's remaining contentions do not require reversal. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.