■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR MATTIS, Appellant. [846 NYS2d 757]—

Peters, J. Appeal from a judgment of the County Court of Ulster County (Pulver, Jr., J.), rendered August 4, 2005, upon a verdict convicting defendant of the crimes of robbery in the second degree (two counts) and assault in the second degree.

Defendant was indicted for two counts of robbery in the second degree and one count of assault in the second degree, stemming from an incident that occurred on November 29, 2004 in the City of Kingston, Ulster County. After a jury trial, defendant was convicted as charged and sentenced to concurrent prison terms of six years for each robbery conviction and four years for the assault conviction, with a period of postrelease supervision. Defendant appeals.

Trial testimony revealed that on November 29, 2004, at approximately 8:45 P.M., the victim left her apartment building to go to the store to purchase diapers and cigarettes. Once outside the building, she was approached by defendant and codefendant Willie Pace. They asked her if she was "looking," which she understood as a query about whether she wanted to purchase drugs. When she declined, defendant forcibly removed a $20 bill from her hand, pushed her to the ground and punched her, causing her to sustain a broken nose, two black eyes, the loss of several teeth and the exacerbation of a previous back injury. She nonetheless got up, prompting Pace to comment, "Trev, I think you picked the wrong person." After either defendant or Pace took another $20 bill from the victim's person, they fled. The victim returned to her apartment and called 911.

Officer Aaron Fitzgerald and his partner quickly arrived at the victim's apartment where they found her bleeding from the nose and mouth. She gave a full description of her assailants, which was broadcasted over the police radio. Officer Norman Good and his partner spotted defendant and Pace within blocks of the victim's apartment building. Since defendant specifically fit the victim's description, Good approached them, conducted a pat-down search of defendant and asked him if he had any money. When defendant responded that he had $40, Good obtained his consent to check his pocket. He removed two $20 bills, examined and replaced them and permitted defendant and Pace to leave. When Good received another radio message

explaining that two $20 bills were taken from the victim, Good relocated defendant and Pace and asked them to participate in a nearby showup. The victim was transported to defendant's location by ambulance where she identified them from the vehicle.

Contrary to defendant's contention, we fail to find County Court's suppression ruling clearly erroneous (*see People v Williams*, 25 AD3d 927, 928 [2006], *lv denied* 6 NY3d 840 [2006]; *People v Duncan*, 279 AD2d 887, 888 [2001], *lv denied* 96 NY2d 828 [2001]). To be sure, showup identification procedures are generally disfavored, absent exigent circumstances. They are, however, permissible when they are "reasonable under the circumstances—that is, when conducted in close geographic and temporal proximity to the crime—and the procedure used was not unduly suggestive" (*People v Brisco*, 99 NY2d 596, 597 [2003]; *see People v Starks*, 37 AD3d 863, 865 [2007]; *People v Martinez*, 9 AD3d 679, 681 [2004], *lv denied* 3 NY3d 709 [2004]). Under the circumstances presented and considering the suppression testimony of Fitzgerald and Good, we agree that the showup identification was admissible (*see People v August*, 33 AD3d 1046, 1048-1049 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Golston*, 13 AD3d 887, 889 [2004], *lv denied* 5 NY3d 789 [2005]).

Defendant's assertions that the victim's credibility and the identification of defendant were improperly bolstered through law enforcement testimony regarding her identification during the showup are not preserved for our review (*see* CPL 470.05 [2]; *People v Carter*, 249 AD2d 773, 773 [1998], *lv denied* 92 NY2d 923 [1998]). Moreover, the error, if any, did not deprive defendant of a fair trial so as to trigger our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]; *People v Durrin*, 32 AD3d 665, 666 [2006]), since the evidence of guilt was strong and the harm, if any, was so minor that it would have had little causal effect on the jury's verdict.

Next reviewing the sufficiency of the evidence by reviewing it in a light most favorable to the prosecution to determine whether " 'there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury' " (*People v Johnson*, 38 AD3d 1012, 1013 [2007], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]), we find ample testimony establishing that defendant twice forcibly stole property, caused physical injury to a nonparticipant in the course of committing the crime and was aided by another person actually present and that the crime committed was a felony. Addressing the weight of the evidence and deferring to the jury's credibility determinations, we conclude that it would not be rea-

sonable to reach a finding different from the one made by this jury. The victim's uncontroverted testimony established defendant's identity, the time line of the crimes and each of their necessary elements.

Nor was defendant denied meaningful representation by his counsel. With defense counsel successfully moving for a severance, actively participating in voir dire, making substantive opening and closing statements, adequately cross-examining witnesses and making appropriate trial motions, we find counsel's performance competent. Notably, at the time of sentencing, counsel also raised the issue of youthful offender treatment.

While the decision to adjudicate a defendant as a youthful offender lies within the sound discretion of the trial court (*see People v Bonilla*, 237 AD2d 672, 673 [1997]), such determination must be made on the record (*see People v Martinez*, 301 AD2d 615, 616 [2003], *lv denied* 99 NY2d 656 [2003]). Despite defendant's eligibility, which was noted both in the presentence report and by defense counsel, County Court never determined his youthful offender status nor articulated its reasons for denial (*see People v Rivera*, 27 AD3d 491, 491 [2006], *lv denied* 6 NY3d 897 [2006]; *People v Martinez*, 301 AD2d at 616; *People v Miles*, 244 AD2d 433, 434 [1997]). For this reason, defendant's sentence must be vacated.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for resentencing; and, as so modified, affirmed.