■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
NINA HUFFMAN, Appellant. [850 NYS2d 473]—Appeal by the defendant from a judgment of the County Court, Rockland County
(Kelly, J.), rendered August 9, 2005, convicting her of criminal
possession of a controlled substance in the third degree, upon
her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that she should have received youthful
offender treatment is unpreserved for appellate review, as the
defendant failed to object or to move to withdraw her plea on
the issue of youthful offender treatment (see CPL 220.60 [3];
*People v Small*, 7 AD3d 819 [2004]; *People v Fryer*, 2 AD3d 874
[2003]; *People v Moralez*, 267 AD2d 334 [1999]; *People v Corbin*,
243 AD2d 575 [1997]).

In any event, although the defendant was eligible for youthful
offender treatment, as she was 18 years old when she committed the offense, "eligibility alone does not mandate youthful offender treatment. The granting of such benefit lies wholly
within the discretion of the court" (*People v Polansky*, 125 AD2d
342, 343 [1986]; *see People v Williams*, 78 AD2d 642 [1980]). In
light of the fact that the defendant and her codefendant were
found to be in possession of a significant amount of cocaine, as
well as an assault rifle and ammunition that had been purchased
by the defendant, and the otherwise favorable plea agreement,
the sentencing court did not improvidently exercise its discretion in denying her request for youthful offender treatment.
Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.