THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZERAN PETERS, Appellant. [894 NYS2d 66]—

The defendant's contention that the evidence was legally insufficient to support his conviction of robbery in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492 [2008]; *People v Laviscount,* 57 AD3d 1007, 1008 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 160.00 [2]; § 160.10 [2]; *People v Mattis,* 46 AD3d 929, 931-932 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410, *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69

NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that reversal is required because the verdicts on the two counts of robbery in the second degree were repugnant is without merit. Viewing the verdicts solely in terms of the elements as charged to the jury (*see People v Tucker*, 55 NY2d 1, 7 [1981]), the acquittal returned on one of the counts of robbery in the second degree (*see* Penal Law § 160.10 [1]) did not negate any essential element of the charge of robbery in the second degree of which the defendant was convicted (*see* Penal Law § 160.10 [2] [a]). Moreover, the court submitted the two robbery counts in the alternative without objection by the defendant, thus making it clear before deliberations commenced that the jury would not be permitted to convict the defendant of both counts of robbery in the second degree regardless of its factual determinations. Under such circumstances, there is "no principled basis" to give the defendant the benefit of any perceived inconsistency in the verdicts (*cf. People v Rayam*, 94 NY2d 557, 562 [2000]; *United States v Powell*, 469 US 57, 65 [1984]).

The defendant was not denied his right to be present at a material stage of the trial when the court made an inquiry of a sworn juror (*see* CPL 270.35 [1]; *People v Harris*, 99 NY2d 202, 212 [2002]; *People v Oakes*, 57 AD3d 1425, 1426 [2008]; *People v Rodriguez*, 2 AD3d 296, 298 [2003]). Nor did the sentencing court improvidently exercise its discretion in denying the defendant's request for youthful offender treatment (*see People v Huffman*, 47 AD3d 646 [2008]; *People v Polansky*, 125 AD2d 342, 343 [1986]).

The defendant's remaining contentions are without merit. Fisher, J.P., Miller, Eng and Hall, JJ., concur.