■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY WALTERS, Appellant. [894 NYS2d 68]-

The defendant's contention that the evidence was legally insufficient to support his conviction of robbery in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Laviscount*, 57 AD3d 1007, 1008 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v*

*Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 160.00 [2]; § 160.10 [2]; *People v Mattis*, 46 AD3d 929, 931-932 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410, *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentencing court did not improvidently exercise its discretion in denying the defendant's request for youthful offender treatment (*see People v Huffman*, 47 AD3d 646 [2008]; *People v Polansky*, 125 AD2d 342, 343 [1986]).

The defendant's remaining contentions are without merit (*see People v Peters*, 69 AD3d 765 [2010] [decided herewith]). Fisher, J.P., Miller, Eng and Hall, JJ., concur.