■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYMONN LEE, Appellant. [913 NYS2d 595]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered April 2, 2009. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree and robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and robbery in the first degree (§ 160.15 [1]). We agree with defendant that County Court failed to set forth on the record its determination denying defendant's request for youthful offender treatment or the reasons for that determination (*see* CPL 720.20 [1]). Pursuant to CPL 720.20 (1), the court has a statutory obligation to determine, on the record, whether an eligible youth should be afforded youthful offender treatment where, as here, the defendant requests such treatment (*see People v Rivera*, 27 AD3d 491 [2006], *lv denied* 6 NY3d 897 [2006]; *People v Martinez*, 301 AD2d 615 [2003], *lv denied* 99 NY2d 656 [2003]). Despite defendant's eligibility for youthful offender treatment, the court did not articulate the reasons for its denial of defendant's request. We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing after a determination whether defendant should be sentenced as a youthful offender (*see People v Mattis*, 46

AD3d 929, 932 [2007]; *Rivera*, 27 AD3d 491 [2006]; *Martinez*, 301 AD2d 615 [2003]). In light of our determination, we do not address defendant's remaining contentions. Present—Centra, J.P., Carni, Sconiers and Pine, JJ.