■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA B., Appellant. [2 NYS3d 362]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mondo, J.), rendered September 26, 2012, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

" 'Upon conviction of an eligible youth, the court must order

a pre-sentence investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court *must* determine whether or not the eligible youth is a youthful offender' " (*People v Rudolph*, 21 NY3d 497, 501 [2013], quoting CPL 720.20 [1]). Here, the record does not demonstrate that the sentencing court complied with CPL 720.20 (1), as there is nothing in the record indicating that the sentencing court considered and made an actual determination as to whether the defendant should be granted youthful offender status (*see People v Evans*, 126 AD3d 721 [2015] [decided herewith]; *People v Then*, 121 AD3d 1025, 1026 [2014]; *People v Pacheco*, 110 AD3d 927 [2013]; *People v Rivera*, 27 AD3d 491 [2006]). Therefore, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing after determining whether the defendant should be sentenced as a youthful offender. We express no opinion as to whether the Supreme Court should afford youthful offender status to the defendant.

The defendant's remaining contentions have been rendered academic in light of our determination. Balkin, J.P., Leventhal, Dickerson and Miller, JJ., concur.