◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEREMIA RAMIREZ, Appellant. [16 NYS3d 773]—Appeal by the defendant from a resentence of the Supreme Court, Queens

County (Chin-Brandt, J.), imposed July 11, 2014, upon his conviction of attempted murder in the second degree, upon his plea of guilty, the resentence being a determinate term of imprisonment of five years to be followed by three years of postrelease supervision, to run concurrently with the term of imprisonment imposed upon the defendant's prior conviction of robbery in the second degree.

Ordered that the resentence is affirmed.

The Supreme Court providently exercised its discretion in determining that the defendant is not entitled to youthful offender treatment (see CPL 720.20 [1] [a]). Among other things, the court properly considered that the defendant inexplicably shot the 15-year-old victim at close range during a fight at a party, and that the defendant had a prior conviction of robbery in the second degree (see People v Wright, 44 AD3d 692 [2007]; see generally People v Drayton, 39 NY2d 580, 584 [1976]). Moreover, the defendant received a favorable plea agreement, particularly in light of the fact that the resentence imposed on this conviction was to run concurrently with the term of imprisonment imposed upon the prior robbery conviction (see People v Huffman, 47 AD3d 646, 646 [2008]). Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.