# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1366**
**KA 12-00210**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

KEVIN M. MINEMIER, DEFENDANT-APPELLANT.

---

EASTON THOMPSON KASPEREK SHIFFRIN, LLP, ROCHESTER (DONALD M. THOMPSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered January 20, 2012. The appeal was held by this Court by order entered January 2, 2015, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (124 AD3d 1408). The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of one count of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), two counts of assault in the first degree (§ 120.10 [1], [4]), and one count of assault in the second degree (§ 120.05 [4]). The crimes were committed by defendant when he was 18 years old, and his conduct involved attempting to kill a woman by repeatedly stabbing her in the face, head, and eye, causing wounds that required more than 100 stitches to close. Defendant also stabbed a man who attempted to stop the attack on the woman. Consistent with the plea agreement, County Court sentenced defendant to concurrent determinate terms of imprisonment, the three longest of which are terms of 20 years, plus five years of postrelease supervision.

On a prior appeal, we concluded that the court failed to determine whether defendant should be adjudicated a youthful offender (*see People v Minemier*, 124 AD3d 1408, 1408). We therefore remitted the matter to County Court " 'to make and state for the record a determination whether defendant should be granted youthful offender status' " (*id*. at 1408, quoting *People v Potter*, 114 AD3d 1183, 1184). Inasmuch as the record further indicated that the court had reviewed at sentencing written statements that were not disclosed to defendant, we also directed the court "to make a record of what statements it

reviewed and to state its reasons for refusing to disclose them to defendant" (*id.* at 1409).  Upon remittal, the court expressly denied defendant's request for youthful offender treatment.  With respect to the undisclosed statements it reviewed at sentencing, the court stated that it reviewed the last page of the presentence investigation report, which was marked confidential, and that the information contained therein was provided to the probation department "on the promise of confidentiality."

Defendant now contends that the court erred in failing to state its reasons for not adjudicating him a youthful offender.  We reject that contention.  Although CPL 720.20 (1) requires the sentencing court to determine on the record whether an eligible youth is a youthful offender (*see People v Rudolph*, 21 NY3d 497, 499), the statute does not require the court to state its reasons for denying youthful offender status to the defendant.  To the extent that *People v Lee* (79 AD3d 1641, 1641) and other cases from this Court hold otherwise, they should not be followed.  Contrary to defendant's further contention, we conclude that the court sufficiently complied with our prior decision by identifying what statements it reviewed at sentencing, and that defendant was not entitled to disclosure of any confidential information (*see* CPL 390.50 [2]; *People v Perry*, 36 NY2d 114, 120; *Matter of Shader v People*, 233 AD2d 717, 717).

Finally, based on our review of the record and the relevant factors, we conclude that the court's refusal to adjudicate defendant a youthful offender was not an abuse of discretion (*see People v Mix*, 111 AD3d 1417, 1418), and we decline to grant defendant's request to exercise our interest of justice jurisdiction to adjudicate him a youthful offender (*see People v Facen*, 67 AD3d 1478, 1479, *lv denied* 14 NY3d 800, *reconsideration denied* 15 NY3d 749; *cf. People v Shrubsall*, 167 AD2d 929, 930-931).

We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court